*983 Tlie opinion of the Court was delivered by
Bermudez, C. J.
This is a suit to eject the defendant from certain premises, and to recover from him five thousand dollars damages for injury alleged to have been sustained, in consequence of his refusal to vacate, when notified to do so, viz: Dec. 31, 1881.
The plain tiif claims that he was the tenant of the premises up to the end of the year 1881, but that he previously obtained (in October) from the landlord’s agent, a renewal of the lease for the’ year 1882, entitling him to possession and enjoyment during that period.
The defense is, that the defendant is entitled to possession of said premisos for the same term, under a written lease from the'duly authorized agents of the owner of the property, which lease was, besides, ratified by the latter. ’ .
The case was tried by a. jury, who rendered a verdict for the defendant. From the judgment thereon, the plaintiff has appealed. .
The agent, to whom plaintiff refers, is a different person from the firm from whom defendant claims to have leased.
The evidence does not show that such agent, D. B. Hays, had authority from the owner, W. H. Chaffe, to lease the property, for the year 1882, to any one.
.His power to do so is not inferrable from the fact that he hadsometimes collected rent drafts of the landlord'on the lessee, or given his own receipt for other rent due, or that he had previously rented the place to tli© plaintiff.
It was incumbent on the party claiming the lease to the premises for 1832, particularly when met by an adverse claim, founded on a lease emanating from the owner himself, to have conclusively established authority in the agent to lease; and further, a lease from him prior to the formation of the second contract. We say nothing of the want of registry of the lease, to bind third persons. Such registry might have been an important ingredient in a controversy of tlio character of the present, one. It may, perhaps, be required, even against one shown to have known of the anterior lease, and to have concocted with the owner or his agent, to defeat rights acquired under it, unless in a suit for damages. 29 An. 213.
At any rate, the present defendant could, however, have had no knowledge of what had never occurred.
Neither does the record sufficiently establish, even if Hayes liad such authority, that he exercised it. Iu a litigated ease like this, in whióh neither the agent nor the owner have testified, the fact of the agency and of the renewal of the lease, should have been fully proved. The pressing testimony of the plaintiff on these points, can hardly be said to be corroborated by the circumstance of the “ nodding ” of. the agent *984 and of the plaintiff, in presence of a witness, inquiring if Mr. Weil had settled tlie store for 1882.
The defendant has produced written authority from Chaffe to Camp, Davidson & Ferguson, to lease the premises; a written lease from the latter to him, and a written ratification by Chaffe of the lease thus made.
Had it been shown that Hayes had authority from Chaffe to lease for 1882, and had exercised that authority, before any contract for the same purpose between the last agents of Chaffe and the defendant, liad been entered into; that the lease had been duly recorded in time; the principles of law invoked by plaintiff’s counsel would certainly apply. SO An. 589; 29 An. 213.
The only remaining question would have been as to the damages claimed; but, in the absence of that material evidence, the plaintiff must fail.
It is unnecessary to pass upon the bills of exception taken to the charges of the District Judge to the jury. The testimony adduced, and the documentary evidence introduced, without objection on the trial, are before us. We can finally adjust the differences of the parties, -without, determining the merits of those bills. Even had the charges been erroneously given, this is not a suit which, on that account, should be remanded.
Judgment affirmed with costs.